# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2606 | **DATE** | 7/29/2010 |
| **CASE TITLE** | Deschauer vs. Talbett | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Leave to File an Amended Complaint and for Leave to Add a Party Defendant [30] is denied in substantial part, and granted in limited part.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT

　　　On April 29, 2009, Plaintiff Jack Deschauer ("Plaintiff") filed a complaint for legal malpractice against Defendant Michael Talbett ("Defendant"). Before the Court is Plaintiff's motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a) to add additional breaches committed by Defendant, to correct a mistaken citation to a lease provision, and to add a party defendant: Amoco Oil Company/BP North America, Inc. ("BP"). For the following reasons, the Court denies the motion in substantial part and grants the motion in limited part.

### LEGAL STANDARD

　　　"Although Federal Rule of Civil Procedure 15(a) instructs that leave to amend shall be freely given 'when justice so requires,' a district court may deny a plaintiff leave to amend if 'there is undue delay, bad faith or dilatory motive.'" *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007) (citations omitted). The Court may also deny a plaintiff's motion for leave to amend if "undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" would occur. *Id.* at 922-23 (citations omitted). In other words, "leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party." *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005); *see also Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004) ("district court's decision to grant or deny a motion for leave to file an amended pleading is 'a matter purely within the sound discretion of the district court.'") (citation omitted).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

Plaintiff filed a complaint against Defendant for legal malpractice on April 29, 2009, which he now seeks to amend. In the initial complaint, Plaintiff alleged that in late 2006 or early 2007, he entered into an oral agreement with Defendant pursuant to which Defendant agreed to represent Plaintiff in a real estate transaction. (R. 1, Compl. ¶ 6.) Plaintiff further alleged that in February 2007, Defendant oversaw an agreement to lease a property to Angelos Lake Zurich, LLC ("Zurich LLC") for a term of 20 years. (*Id.* at ¶ 9.) According to Plaintiff, Mr. Spiro Angelos, who controlled Zurich LLC, made a personal guarantee of the lease during negotiations that Defendant failed to document. (*Id.* at ¶ 13.) After entering into the lease, Mr. Angelos made rent payments to Plaintiff at a reduced rate for six months. (*Id.* at ¶ 13.) On January 22, 2008, however, Zurich LLC terminated the lease agreement because it had not received the ALTA Survey of the Premises ("Survey") pursuant to paragraph 5 of the lease and because BP had no interest in proactively pursuing a No Further Remediation Letter ("NFR"). (*Id.* at ¶¶ 10,11; Ex 2, pp. 2-3.) In his complaint, Plaintiff alleged that Defendant was responsible for providing Zurich LLC with the documents specified in the lease. (R. 1, Compl. ¶ 12.) Moreover, Plaintiff alleged that Zurich LLC was estopped or otherwise prohibited by its conduct from terminating the lease and that had Defendant informed him of this, Plaintiff would have sued Zurich LLC. (*Id.* at ¶ 14.) Instead, according to the complaint, Plaintiff entered into a contract to sell the property to Zurich LLC. (*Id*) Zurich LLC walked away from the purchase, however, because the land trustee, and not Zurich LLC, signed the sales contract. (*Id.*) Finally, Plaintiff also alleged that since Defendant did not secure Mr. Angelos' guarantee in writing, Plaintiff could only seek damages from Zurich LLC, a dissolved corporation. (*Id.* at ¶ 15.)

The Court initially scheduled the close of fact discovery for January 29, 2010. The Court extended the fact discovery cutoff three times: (i) on December 17, 2009 to March 29, 2010, (ii) on March 25, 2010 to May 6, 2010, and (iii) on April 22, 2010 to June 7, 2010. On June 17, 2010, after the close of discovery on June 7, 2010, Plaintiff filed the current motion for leave to file an amended complaint seeking to add additional breaches allegedly committed by Defendant, to correct a mistaken citation to a lease provision, and to add BP as a party defendant. In his motion, Plaintiff contends that he discovered the additional breaches by Defendant during the discovery process. Plaintiff further asserts that during the June 1, 2010 deposition of a BP corporate representative, he discovered information that raised the possibility that both Defendant and BP proximately caused the injuries suffered by Plaintiff. (R. 30, Pl.'s Mot. for Leave to Amend. Compl., ¶¶ 2, 6-7.) Plaintiff argues that because both Defendant and BP may have proximately caused Plaintiff's injuries, it would be in the best interests of the parties to litigate the issues relating to his injuries in the case presently pending before the Court. (*Id.* at ¶ 7.)

## ANALYSIS

In his motion for leave to file an amended complaint, Plaintiff seeks to add additional breaches committed by Defendant, to correct a mistaken citation to a lease provision, and to add a party defendant. As described in detail below, Plaintiff merely presents conclusory and unsupported assertions in his motion in an attempt to demonstrate that he has only recently discovered the allegations he seeks to add to the complaint.[1] Moreover, given the timing of Plaintiff's motion, Defendant would suffer significant prejudice if the Court were to grant the motion. Accordingly, pursuant to its discretion, the Court denies in large part Plaintiff's motion for leave to amend the complaint.

---

[1] While Plaintiff presents additional arguments in his reply brief, arguments raised in a reply brief are typically deemed waived. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 (7th Cir. 2010).

## I. Additional Breaches by Defendant

Plaintiff requests that the Court grant him leave to amend his complaint in order to add three additional breaches allegedly committed by Defendant that he learned of during the course of discovery. First, Plaintiff contends that during discovery he learned that Defendant failed to include a provision in the broker listing agreement requiring that payment of the broker's commission not begin until after all conditions and other terms permitting early termination of the lease were either waived or fulfilled. As evidenced by Plaintiff's signature on the named listing agreement, however, Plaintiff was aware of the relevant provision and on notice of what provisions were not in the agreement prior to filing his initial complaint. Second, Plaintiff asserts that he learned during discovery that Defendant included a provision in the lease requiring Plaintiff to tender an NFR letter to the lessee within twelve months of the initiation of the lease period. Again, prior to filing his complaint, Plaintiff possessed the leasing agreement that contained the relevant provision and the termination letter in which Zurich LLC notified Plaintiff that it was terminating the lease as a result of Plaintiff's failure to provide the NFR letter per the terms of the agreement.

Plaintiff has therefore failed to demonstrate that he did not possess knowledge regarding these claims prior to the filing of his motion for leave to amend the complaint. Indeed, the additional allegations Plaintiff seeks to add to his complaint derive from the contractual language of the lease and broker listing agreement, which Plaintiff signed and/or was in possession of prior to the filing of the complaint. Plaintiff could have contemplated these additional claims before filing his initial complaint. While "[d]elay on its own is usually not reason enough for a court to deny a motion to amend . . . the longer the delay, the greater the presumption against granting leave to amend." *Soltys v. Costello*, 520 F.3d 737, 743-44 (7th Cir. 2008) (internal citations omitted); *see also Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) (a motion for leave to amend may be denied when there is undue delay or dilatory motive on the part of the movant) (internal citations omitted); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002) (denial of a Rule 15(a) motion to amend is proper when the movant has clearly failed to act with diligence). The Court therefore denies Plaintiff's motion in this respect.

Third, Plaintiff claims that he learned during discovery that other parties were interested in purchasing and/or leasing the land subject to the lease and that Defendant failed to advise Plaintiff of the risks and benefits of entering into the lease with Mr. Angelos as opposed to negotiating with other potential lessors and/or purchasers. In his motion, however, Plaintiff does not address when during the course of discovery, which was extended three times, he discovered this information or whether such an amendment would prejudice Defendant. Nor does Plaintiff explain why he is bringing this claim at this time. Indeed, Plaintiff merely conclusorily asserts that Defendant already had an opportunity to depose the broker, Cassandra Savard. In amended interrogatory responses served on the day before the close of fact discovery, however, Plaintiff identified three additional fact witnesses who may testify regarding their interest in purchasing and/or leasing the property. (R. 33-10, Pl.'s Supp. Interrogatory Responses, pp. 5-6.) Significantly, Plaintiff fails to respond to Defendant's contention that these fact witnesses were always known to Plaintiff, his real estate attorney, and his broker or to identify when he learned of these witnesses. Moreover, contrary to Plaintiff's conclusory assertion, it is exceedingly likely that Defendant would seek to re-depose relevant witnesses regarding the newly added claims. Plaintiff has thus not shown that his motion for leave to amend is timely or that Defendant would not suffer undue prejudice if the Court were to grant his motion. *Sound of Music*, 477 F.3d at 922-23 (7th Cir. 2007). The Court accordingly denies Plaintiff's motion in this regard.

## II. Correction of Lease Citation

Plaintiff also requests that the Court grant him leave to amend the complaint to correct an improper citation to a lease provision. Because Defendant does not oppose Plaintiff's request to correct the inadvertently misidentified lease provision, the Court grants Plaintiff leave to amend his complaint in this limited regard.

### III. Addition of Party Defendant: BP

Plaintiff argues that the Court should grant his motion for leave to amend the complaint to add BP as a defendant. Plaintiff contends that the addition of BP as a defendant would not cause undue prejudice to Defendant in violation of Rule 15(a). This argument is not compelling. In *Hukic v. Aurora Loan Serv.*, 588 F.3d 420 (7th Cir. 2009), the Seventh Circuit upheld a district court's decision to deny a plaintiff's motion for leave to amend to add an additional defendant when the plaintiff filed the motion "three days before the close of fact discovery and one day after [the plaintiff's] deposition[]." *Hukic*, 588 F.3d at 432. The Seventh Circuit reasoned that if the district court had granted the plaintiff's motion to amend, the defendant would have suffered undue prejudice because the parties had already conducted discovery with only the original claims and the original parties in mind. *Id.* The circumstances surrounding the case before the Court are similar to *Hukic*. Plaintiff attempts to justify his motion for leave to amend the complaint to add a new defendant, which Plaintiff filed after close of discovery, by arguing that the alleged injuries caused by BP are virtually identical to those allegedly caused by Defendant. Plaintiff claims that because the injuries are so similar, there will not be undue prejudice to Defendant since no new discovery is actually required. Addition of a new party defendant at this stage of the litigation, however, would certainly delay the case. It is highly unlikely, as Plaintiff conclusorily asserts, that BP would not seek additional time in which to conduct discovery if added as a defendant in this case. Because the Seventh Circuit has determined that addition of a defendant so close to the close of discovery causes undue prejudice to a defendant, Plaintiff's motion for leave to amend to add a party defendant is denied in this regard.

### IV. Motion to Strike

In his response brief, Defendant moves to strike Plaintiff's supplemental interrogatory responses issued on the final day of fact discovery. Because this motion is not properly before the Court, the Court will not address Defendant's request. If Defendant seeks to file a motion to strike in this regard, he must do so by 8/6/10. Response by 8/20/10. Reply by 8/27/10.

### CONCLUSION

For the foregoing reasons, the Court denies in substantial part and grants in limited part Plaintiff's motion for leave to amend. Plaintiff is to file his amended complaint containing the corrected lease citation by 8/6/10.